UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RONI GILADI,

                    Plaintiff,

   -against-

BERISH STRAUCH, HARRIS STERMAN,
DEBRA IRIZARRY, MONTEFIORE MEDICAL
CENTER, JOHN DOE and RICHARD ROE,
last two names being fictitious, true
names being unknown,

                    Defendants.
-----------------------------------------------------------X

Index No.:
94 Civ. 3976
(RMB) (HBP)

REPLY TO PLAINTIFF'S
OBJECTIONS TO
MAGISTRATE'S REPORT

## Preliminary Statement

This reply is submitted in response to the "Objections" filed by plaintiff's counsel to the report and recommendation of Magistrate Judge Henry Pitman, dated the 9th day of January, 2007 and pertaining to the motions for summary judgement filed in this matter.

In this action, plaintiff alleges medical malpractice during the performance of surgery on his left ulnar and median nerves at Montefiore Medical Center on December 12, 1991. The surgery was performed by Dr. Strauch, assisted by resident, Dr. Sterman and observed by resident Dr. Irizarry.

For the reasons set forth fully below, it is respectfully submitted that the objections submitted by plaintiff should not be sustained and this Court should enter Judgment in favor off all defendants as set forth in the defendants moving papers and previously filed objections on behalf of the defendants.

367457.1 DocsNY

# LEGAL ARGUMENT

## DOCTORS IRRIZARY AND STERMAN ARE ENTITLED TO THE GRANT OF SUMMARY JUDGMENT

As the Court noted in <u>Anderson v Liberty Lobby, Inc</u>, 477 U.S. 242 (1985):

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment **"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."** By its very terms, this standard provides that <u>the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.</u>

Further, the Court noted in <u>CELOTEX CORP. v. CATRETT</u>, 477 U.S. 317 (1986):

> We think that the position taken by the majority of the Court of Appeals is inconsistent with the standard for summary judgment set forth in Rule 56(c) of the Federal Rules of Civil Procedure. n4 Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, **show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."** In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, [*323] there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the

> nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[The] standard [for granting summary judgment] mirrors the standard [***274] for a directed verdict under Federal Rule of Civil Procedure 50(a) . . . ." Anderson v. Liberty Lobby, Inc., ante, at 250.

The Second Circuit Court of Appeals noted in <u>Ortiz v Pathmark Store Inc</u>., 2005 U.S. App. LEXIS 23942 (2nd Cir. 2005):

> However, summary judgment is mandated when the party bearing the burden of proof at trial fails to make a sufficient showing to establish the existence of an element essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In this instance, there can be no genuine [*3] issue of material fact, since failure of proof "concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Accordingly it is clear that summary judgement is available to the defendants in this matter upon a showing that plaintiff has not and cannot sustain his burden or proof in this matter.

## PLAINTIFF'S BURDEN OF PROOF

What plaintiff must establish to prevail at trial of this matter includes the elements of a medical malpractice case in New York, which has been described by the Court in <u>Berk</u>, 380 F.Supp 2nd 334 as:

> To determine what facts are "material" to Berk's medical malpractice claim and the role of expert testimony in proving that claim, the Court briefly reviews the substantive law of medical malpractice in New York. n14 It is well settled under New York law that "the requisite elements of proof in a medical malpractice case are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage." Amsler v. Verrilli, 119 A.D.2d 786, 501 N.Y.S.2d 411, 411 (App. Div. 2d Dep't 1986). As the Second Circuit has noted of New York malpractice law, "in order to show that the defendant has not exercised ordinary and reasonable care, the plaintiff ordinarily must show what the

accepted standards of practice were and that the defendant deviated from those standards or failed to apply whatever superior knowledge he had for the plaintiff's benefit." Sitts v. United States, 811 F.2d 736, 739-40 (2d Cir. 1987) (citing Toth v. Community Hospital at Glen Cove, 22 N.Y.2d 255, 239 N.E.2d 368, 372, [*343] 292 N.Y.S.2d 440 (N.Y. 1968); [**22] Monahan v. Weichert, 82 A.D.2d 102, 442 N.Y.S.2d 295, 297 (App. Div 4th Dep't 1981)).

Expert testimony is normally required to establish the applicable standard of practice and, in an appropriate case, to determine whether an alleged deviation from that standard was the proximate cause of a plaintiff's injuries. As the Second Circuit concluded in Sitts, "it is well established in New York law that 'unless the alleged act of malpractice falls within the competence of a lay jury to evaluate, it is incumbent upon the plaintiff to present expert testimony in support of the allegations [**23] to establish a prima facie case of malpractice.'" Sitts, 811 F.2d at 739 (quoting Keane v. Sloan-Kettering Institute for Cancer Research, 96 A.D.2d 505, 464 N.Y.S.2d 548, 549 (App. Div. 2d Dep't 1983)). Moreover, "even where it might initially appear that the matter would be within the trier's ordinary competence, . . . if the defendant can proffer any evidence to support the view that a proper standard of care was followed, the plaintiff cannot prevail without introducing expert medical testimony." Id. at 740 (citing Benson v. Dean, 232 N.Y. 52, 133 N.E. 125, 127 (N.Y. 1921)).

Further as the Court Noted in Perez v United States, 85F.supp 220 (SDNY 1999):

To establish a claim of medical malpractice under New York law, a plaintiff must prove (1) that the defendant breached the standard of care in the community, and (2) that the breach proximately caused the plaintiff's injury. Arkin v. Gittleson, 32 F.3d 658, 664 (2d Cir. 1994). New York law further provides that expert medical opinion is required to make out both of these elements. See Milano by Milano v. Freed, 64 F.3d 91, 95 (2d Cir. 1995).

The general standard of care for physicians in New York was established in 1898, in Pike v. Honsinger, 155 N.Y. 201, 49 N.E. 760 (1898). That standard requires that a physician exercise "that reasonable degree of learning and skill that is ordinarily possessed by physicians and [**18] surgeons in the locality where he practices....The law holds [the physician] liable for an injury to his patient resulting from want of the requisite knowledge and skill, or the omission to exercise reasonable care, or the failure to use his best judgment." Id. at 209. See also Cruz v. United States, 1998 U.S. Dist. LEXIS 223, *27, 94 Civ. 6545, 1998 WL 13839 at *8 (S.D.N.Y. Jan. 15, 1998).

58. The plaintiffs must prove their claims by a preponderance of the credible evidence....
Because the plaintiff bears the burden of proof on negligence, the mere fact that a medical procedure was unsuccessful, or had an unfortunate effect, will

not support a claim that negligence had occurred. See, e.g., Sitts v. United States, 811 F.2d 736 (2d Cir. 1987); Schoch v. Dougherty, 122 A.D.2d 467, 504 N.Y.S.2d 855, 857 (3d Dep't 1986). See, Sitts v. United States, 811 F.2d 736, 739-40 (2d Cir); Ford v. United States, 2000 WL 1745044.

Accordingly, it is clear that plaintiff bears the burden of demonstrating, in an evidentiary fashion that each element can be and has been proven.

## DR IRIZARRY IS ENTITLED TO THE GRANT OF SUMMARY JUDGMENT

Moreover, in this case plaintiff cannot establish the elements of his case as against the residents herein, Drs. Sterman and Irizarry.

Dr. Irrizary has submitted her affidavit to the effect that she has not breached the standard of care in this matter and should be awarded summary judgment. The facts reveal that Dr. Irizarry is a graduate of New York Medical College (Exhibit 13 at page 6) who undertook general surgery residency at NYU Medical Center, followed by a research fellowship. She was licensed in New York at the time.(Exhibit 13 at page 6). Her affidavit indicates that she is currently licensed in New Mexico. She thereafter undertook a residency in Plastic Surgery at the Montefiore Medical Center. (Exhibit 13 at page 7). She is published. (Exhibit 13 at 8). She became a Chief Resident in 1992. (Exhibit 13 at 15). Her affidavit indicates that she is Board Certified in Plastic Surgery. She authored notes concerning her observations of this matter which she belives to be accurate. (Exhibit 13 at 37). **She testified that she did not undertake the "actual cutting" in this matter (exhibit 13 at 58-59) and hence plaintiff cannot establish that her care was a departure from accepted practice nor can plaintiff establish causation.**

Moreover, as the "reports" submitted by plaintiff's expert, Dr. Rousso, do not mention Dr. Irizarry, <u>or her role</u>, plaintiff cannot seek to admit any evidence that she departed from accepted care or that her care was the proximate cause of injury to plaintiff. <u>See</u> FRCP 26 et seq., FRE Rule 702 et seq .Hence, Dr. Irizarry is entitled to summary judgment in this matter.

Plaintiff's attempt to speculate that Dr. Irrizary may have been involved is insufficient to sustain a case against her, as speculation clearly does not meet plaintiff's burden of evidentiary proof. His attempt to confuse the Court with references to what may have occurred in other operations, involving different patients, operating surgeons and techniques, is no substitute for evidence in admissible form that Dr. Irrizary had a material role in this operation. Indeed there is no evidence that she did and plaintiff cannot ask this Court to infer that involvement from testimony describing various aspects of a training program.

The quoted testimony, having nothing to do with this patient, this operation or this time in her career, is no substitute for evidence that she had a material role in this operation beyond observing the case.

As there is no evidence of her participation in this surgery on this patient, this Court should dismiss the filed objections as she is clearly entitled to the grant of summary judgement.

## DR. HARRIS STERMAN IS ENTITLED TO THE GRANT OF SUMMARY JUDGMENT

Similarly to Dr. Irizarry, Dr. Sterman has also submitted his affidavit attesting to the appropriateness of his care in this matter. Dr. Sterman became licensed in New York in 1988 following medical school, general surgery residency, plastic surgery residency and fellowship. (Exhibit 14 at 5-7). He is a Board Certified Plastic surgeon as well as being board certified in general surgery. (exhibit 14 at 5). Dr Sterman's role at the surgery was to function as the first assistant and to assist Dr. Strauch in his surgery. (exhibit 14 at 15). Generally, such an assistant would hold retractors and cut sutures (Exhibit 14 at 15), and occasionally place a suture to close the skin. (affidavit of Dr. Sterman at Para. 5). Dr. Sterman did not perform the surgery on plaintiff. (exhibit 14 at 39). He did see the patient post operatively at which time the patient's vital signs were stable, his fingers warm as per pre-op. He was given pain medication. (exhibit 14 at 60-62). His affidavit indicates that his care was entirely appropriate and within the standards of good and accepted care.

Moreover, as the "reports" submitted by Dr. Rousso, do not mention Dr. Sterman, plaintiff cannot seek to admit any evidence that he departed from accepted care or that his care was the proximate cause of injury to plaintiff. Hence, Dr.Sterman is entitled to summary judgment in this matter.

Moreover, Dr. Strauch has clearly testified that he performed the operation on plaintiff. (See EBT Dr. Strauch at page 91 "I did surgery...I did a neurolysis of his ulna nerve at the lefte elbow...I did a neurolysis of his ulna nerve at the left wrist...I did a neurolysis of his median nerve at his left wrist... copy attached hereto as exhibit A)

As to plaintiff's claim that one in artful answer by Dr. Strauch concerning the OR report and Dr. Stermans involvement, provides admissible evidence of a substantial role, the answer is not incorrect. The operative report to the extent that it describes holding retractors and cutting sutures, does describe what Dr. Sterman undertook. The quoted answer, however, does not indicate that Dr. Sterman performed the operation; a position that would be inconsistent with Dr. Stermans testimony, his affidavit and the testimony of Dr. Strauch.

As pertains to plaintiff's objection that the testimony of Dr. Sterman indicated that only 2 residents were present in the OR; plaintiff misquotes the testimony, which is reproduced herein at exhibit B(pages 57-58), whereat Dr. Sterman clearly indicates that Dr. Strauch was present and that he misunderstood the question, at least as intended by plaintiff.

Lastly, the fact that Dr. Sterman did not read up on the case or prepare, prior to the surgery only reinforces the evidentiary showing that he had no significant involvement in the operation; not the contrary.

As there is no evidence to contradict Dr. Stermans affidavit that he had no relevant role in the operation and did not cause plaintiff any harm, the objections by plaintiff should be dismissed, the objections by Dr. Sterman to the report should be sustained and Dr. Sterman granted summary judgment.

Lastly, for all the reasons set forth in the objections filed by the defense to the Magistrate's report, all defendants are entitled to the grant of sumary judgemnt in this matter.

## PLAINTIFFS BREACH OF CONTRACT SHOULD BE DISMISSED

Plaintiff's cause of action for breach of contract, as set forth in the complaint, see exhibit 8, fails to state a claim upon which relief can be granted. As the Court noted in Bollino v Hitzig, 2001 WL 1729706:

> As for defendants' motion to dismiss plaintiff's breach of contract claim, "[a] cause of action for breach of contract will not be sustained where it is merely a redundant pleading of plaintiff's malpractice claim in another guise, an attempt to plead as a contract action one which is essentially a malpractice action. (Monroe v Long Island College Hospital, 84 AD2d 576)." (Abbondandolo v Hitzig, 282 AD2d 224). However, where the breach of contract claim is based upon an express special promise to effect a cure or to achieve a specific result, the breach of contract claim survives. (Nicoleau v Brookhaven Memorial Hospital, 201 AD2d 544, 545).
>
> While it may be unusual for a physician to enter into a special contract to cure rather than to undertake only to render his best judgment and skill, since the practice of medicine is not an exact science, it cannot be doubted that there are occasions when such contracts are made (see Colvin v Smith, 276 App. Div. 9, 10; Safian v AEtna Life Ins. Co., 260 App. Div. 765, affd. 286 N.Y. 649). As was recently indicated, a doctor and his patient are at liberty to contract for a particular result and, if that result be not attained, a cause of action for breach of contract results which is entirely separate from one for malpractice although both may arise from the same transaction. (Colvin v. Smith, 276 App. Div. 9, 10, supra, and cases therein cited.) There it was said:
>
> 'The two causes of action are dissimilar as to theory, proof and damages recoverable. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a failure to perform a special agreement. Negligence, the basis of the one, is foreign to the other. The damages recoverable in malpractice are for personal injuries, including the pain and suffering which naturally flow

from the tortious act. In the contract action they are restricted to the payments made and to the expenditures for nurses and medicines or other damages that flow from the breach thereof (citations omitted).

Further the Court noted in Monroe v Long Island College Hospital, 84 Ad2d 576 (2nd Dept. 1981):

> The second cause of action is legally insufficient because it is merely a redundant pleading of plaintiff's malpractice claim in another guise, an attempt to plead as a contract action one which is essentially a malpractice action. The law is clear that a breach of contract claim arising out of the rendition of medical services by a physician will withstand a test to its legal sufficiency only where it is based upon an express special promise to effect a cure or to accomplish some definite result (Carr v. Lipshie, 8 A.D.2d 330, 332, 187 N.Y.S.2d 564; Liebler v. Our Lady of Victory Hosp., 43 A.D.2d 898, 351 N.Y.S.2d 480; Sala v. Tomlinson, 73 A.D.2d 724, 725, 422 N.Y.S.2d 506; Verra v. Koluksuz, 74 A.D.2d 932, 426 N.Y.S.2d 151; Donah v. Champlain Val. Physicians Hosp. Med. Center, 74 A.D.2d 968, 426 N.Y.S.2d 173; cf. Robins v. Finestone, 308 N.Y. 543, 546-547, 127 N.E.2d 330; Colvin v. Smith, 276 App.Div. 9, 92 N.Y.S. 794; *577Hirsch v. Safian, 257 App.Div. 212, 12 N.Y.S.2d 568). No special promise was alleged in plaintiff's complaint and plaintiff has failed to adduce proof that such a special promise was ever, in fact, made to her.

Plaintiff's complaint fails to meet these standards in every respect and hence should be dismissed.

As plaintiff's allegations raised in his objections pertaining to the complaint for breach of contract do not cure the defects in the pleading, they cannot be sustained as an objection in this matter.

Plaintiff is merely attempting to repeat the same claims made in his malpractice claim, which the case law does not permit, and his pleadings do not sustain.

367457.1 DocsNY                          10

CONCLUSION

Wherefore, defendants pray that this Court enters an Order dismissing plaintiff's objections to the Magistrate's Report, sustaining defendants objections to the Magistrate's Report and granting the within motion in it's entirety, awarding them and each of them, summary judgement dismissing plaintiff's action.

Dated:   New York, New York

March 1, 2007

                        LANDMAN CORSI BALLAINE & FORD P.C.

                        By: *[signature]*
                        Kenneth J. Burford (7090)
                        Attorneys for Defendants
                        120 Broadway, 27th Floor
                        New York, NY 10271
                        (212) 238-4800

TO:     PHILIP J. DINHOFER, LLC
          Attorney for Plaintiff
          77 N. Centre Avenue
          Suite 311
          Rockville Centre, NY 11570

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

**JARDINE GLACE**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

That on the 2ND day of March 2007, deponent served the within **REPLY to PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT**

upon

    PHILIP J. DINHOFER, LLC
    Attorney for Plaintiff
    77 N. Centre Street
    Suite 311
    Rockville Centre, NY 11570

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                                          _____
                                                               Jardine Glace

Sworn to before me this
2nd day of March 2007

_____
      Notary

                                      JELENA BRIGIDA
                       Notary Public, State of New York
                            No. 01BR6156932
                         Qualified in Kings County
                   Commission Expires Dec. 4, 2010